**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 4:11CR00276-2 SWW |
| | ) | |
| **BARBARA SOTO** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Defendant asserts in her Motion to Suppress (docket entry no. 22) that evidence was unlawfully seized because the originating traffic stop lacked probable cause and the continued detention that led to the search was unreasonable. Her motion was referred to the undersigned, a hearing was held and the following constitute the findings and recommendation for disposition of the motion.

    1.      On October 17, 2011, Arkansas State Police Trooper Goodman had just taken up position in the median of Interstate 40 facing the eastbound lane when he observed a red pick up truck pass his position and drive onto the shoulder of the road. Goodman gave chase, followed the truck briefly and then engaged his blue lights and the truck pulled over on the shoulder. The truck had an Arizona license plate. A video taken from the police car was introduced as evidence at the hearing. (Joint Exhibit A)

2. Goodman approached the stopped vehicle on the passenger side, where he said something to the effect that he observed the truck running off on the shoulder and he wondered if the driver was tired or sleepy.

3. Defendant and her small child were passengers in the truck driven by co-defendant Edgar Munoz Flores. As Goodman engaged them in questioning, together and separately, he described their behavior as acting "nervous."

4. Goodman asked Flores to exit the truck and meet him at the rear of the vehicle. Flores was unable to produce a valid driver's license, but he was able to provide some form of Mexican identification card.

5. Goodman asked Flores the purpose of their trip and Flores described generally that they were on their way to Georgia to see Defendant's grandfather, but he was not sure where the grandfather lived.

6. Goodman then approached the passenger side of the vehicle again and engaged Defendant in questioning about the purpose of their trip. Defendant described a very short vacation to Georgia and possibly to Miami, FL. The short duration of such a lengthy trip seemed unusual to Goodman particularly with their three week old baby. Concerning her grandparents, Defendant said that they lived in Oklahoma. Given the inconsistent responses concerning the nature of their trip and location of the Defendant's grandparents, Goodman returned to the rear of the vehicle and asked Flores for permission to search the truck. Flores gave permission and Goodman began his search on the passenger side of the vehicle.

7. Fairly quickly, Goodman located what appeared to be a hidden compartment with

      fresh paint under the vehicle, but he couldn't find the means of access to the compartment. It was dark and for safety and a better ability to try and locate the access to the hidden compartment, Goodman asked Flores if he would follow him to a nearby garage to complete the search. Flores agreed.

8. At the garage, Goodman had the truck placed on a lift where he was able to locate the access point to the hidden compartment.

9. When he opened the hidden compartment, Goodman discovered the drugs which led to Defendant's indictment.

10. The detention of an individual as a result of a traffic stop is subject to the Fourth Amendment requirement that it be reasonable under the circumstances and the requirement of reasonableness is met where probable cause exists to stop a vehicle. *See Whren v. United States, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed. 2d 89 (1996), U.S. v. Lopez, 564 F. 3d 1001(8th Cir. 2010).* During the course of conducting a traffic stop, an officer may ask the individuals detained questions related to such things as destination and the purpose of a trip, *U.S. v. Garcia, 613 F. 3d 749, 753 (8th Cir. 2010)* and ultimately, as in this case, permission to search a vehicle may be requested. *Id.* Additionally, when the motorist gives consent to search the vehicle, he has agreed to an extension of the traffic stop. *Id.*

11. In this case, Goodman observed the truck driving onto the shoulder of the road and this gave him probable cause to initiate a traffic stop. *U.S. v. Pulliam, 265 F. 3d 736 (8th Cir. 2001).* The inconsistent answers to question posed to Flores and Defendant gave Goodman reasonable suspicion to extend the detention, including asking for

permission to search the truck. *Id.* The driver's consent to search was adequate and Goodman was not required to separately obtain Defendant's consent. It did not take Goodman long to locate a hidden compartment and he testified that his searches of such hidden compartments had, on occasion, resulted in the discovery of empty compartments or compartments containing cash or drugs, but that he had never discovered a compartment containing something other than cash or drugs. The discovery of the hidden compartment, therefore, justified his request that Flores follow him to a more secure location to locate the access to the hidden compartment where the drugs were ultimately found.

12. Goodman had probable cause to conduct the traffic stop and he acted reasonably in questioning the occupants of the truck. The information Goodman obtained gave him a reasonable basis for extending the stop and obtaining consent to search. Defendant's Motion to Suppress should be denied.

IT IS SO ORDERED this   3    day of April, 2012.

                                                          _____
                                                          UNITED STATES MAGISTRATE JUDGE